**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MELISSA DANIELSON, et al., on
behalf of themselves and all others
similarly situated,

                              **Plaintiffs,**

    v.                                                    **1:05-cv-2091-WSD**

DBM, Inc., HOME DEPOT U.S.A.,
INC.,

                              **Defendants.**

**<u>OPINION AND ORDER</u>**

This matter is before the Court on Plaintiffs' Motion for Class Certification

[33].[1]

**I.     BACKGROUND**

This is a purported class action arising from Plaintiffs' purchase of

Rosewood flooring imported and supplied by DBM and sold to Plaintiffs by Home

Depot.  Plaintiffs allege the wood flooring they purchased at Home Depot, which

---

[1]  Plaintiffs request oral argument on their Motion for Class Certification.
(Mot. for Oral Argument [34].)  The Court finds the parties have had sufficient
opportunity to brief the issues presented by the pending motions and that a further
hearing will not be helpful to the Court.  <u>See</u> L.R. 7.1E, N.D.Ga. ("Motions will be
decided by the court without oral hearing, unless a hearing is ordered by the
court.").  Defendants' Motion for Oral Argument is therefore **DENIED**.

was marketed and sold to Plaintiffs as real "Rosewood," was not actually Rosewood as warranted, but was an inferior type of Asian wood.  (Compl. [1], at ¶ 23.)  Plaintiffs claim Defendants knew the wood was not real Rosewood, yet intentionally misrepresented the quality of the wood to increase sales.  Plaintiffs claim the term "Rosewood" refers only to the specific genus, *Dalbergia*, which grows only in South America, that this is the only true Rosewood, and that it is a misrepresentation to label as "Rosewood" other tropical hardwoods typically called "Rosewood."[2]

Plaintiffs claim that when they bought flooring supplied and sold by Defendants labeled as "Rosewood," they were misled that it was the genus *Dalbergia*, and Defendants are liable for damage Plaintiffs suffered in connection with the flooring they purchased.  Plaintiffs claim that some class members suffered severe losses of several thousands of dollars in repairing or replacing the

---

[2] Plaintiffs' allegations appear contradictory.  Plaintiffs assert that they suffered harm because they bargained for and did not receive *Dalbergia* Rosewood.  Yet they also assert that *Dalbergia* "is a very fine wood used primarily for high-end furniture and other high-end wood products or as veneer," and that it is "wholly unsuitable for use as wood flooring."  (Compl., at ¶ 25; Mot. for Cert., at 3.)  Curiously, they simultaneously assert that the wood they actually received–Asian Rosewood–caused their numerous and varied damages.

wood, but that the majority have been damaged by purchasing wood inferior to the Rosewood they thought they were purchasing.  (Mot. for Cert, at 11.)

On August 11, 2005, Plaintiffs filed this action, asserting a list of diverse claims for violation of the federal Racketeer Influenced and Corrupt Organization Act provisions of the Organized Crime Control Act of 1970 ("RICO"), Georgia Fair Business Practices Act ("FBPA"), Uniform Deceptive Trade Practices Act ("UDTPA"), various breaches of warranty, fraud, and breach of contract.

On July 31, 2006, the Court dismissed, for failure to state a claim, all Plaintiffs' claims except for breach of warranty for fitness for a particular purpose under O.C.G.A. § 11-2-314, breach of implied warranty of merchantability under O.C.G.A. § 11-2-314, breach of express warranty, and breach of contract.  (Order Granting Motion to Dismiss [29].)  On September 12, 2006, Plaintiffs filed their Motion to Certify a Class, arguing that they have met all the requirements of Federal Rule of Civil Procedure 23.  (Mot. for Cert. [33].)  Defendants oppose certification of a class and argue that Plaintiffs have not established that they meet the requirements of Rule 23.  (DBM Resp. to Mot. to Certify Class [58]; Home Depot Resp. to Mot. to Certify Class [59].)

Plaintiffs here do not meet the requirements necessary for a class action and ignore the significant issues that discredit their qualifications as class representatives.  After analyzing the legal claims and facts alleged by Plaintiffs and evaluating them against the requirements of Rule 23(a) and Rule 23(b)(3), the Court concludes it would be improper to permit this case to proceed as a class action.  Specifically, Plaintiffs fail to demonstrate that they meet two of the Rule 23(a) requirements of typicality and adequacy of representation, and they also fail to meet the predominance and superiority requirements of Rule 23(b)(3).

## II.   DISCUSSION

### A.   Plaintiffs' Motion for Class Certification

Plaintiffs broadly argue that a class should be certified consisting of the "thousands of customers" who purchased "Rosewood" flooring that DBM supplied to Home Depot.  Plaintiffs argue that their claims should be certified as a class action because Defendants misled purchasers of its "Rosewood" flooring when it marketed and sold as "Rosewood" the hardwood flooring to thousands of individuals nationwide, knowing the flooring was not of the genus *Dalbergia*. (Mot. for Cert., at 3.)  Thus, Plaintiffs argue that all named Plaintiffs and members of the class were victims of the same course of conduct, and they all have identical,

or near identical, damages.  (Id.)  Defendants argue that Plaintiffs' claims raise

numerous questions specific to each class member and that these individual claims

and issues predominate over questions that may be common to the class, and thus

this case is not suited for a class action.

"The initial burden of proof to establish the propriety of class certification

rests with the advocate of the class."  Rutstein v. Avis Rent-A-Car Sys. Inc., 211

F.3d 1228, 1233 (11th Cir. 2000).  In considering class certification, the Court

must accept as true all allegations in Plaintiffs' complaint, and not reach the merits

of the complaint or weigh evidence.  See Eisen v. Carlisle & Jacquelin, 417 U.S.

156, 177-78 (1974); In re Theragenics Corp. Sec. Litig., 205 F.R.D. 687, 694 (N.D.

Ga. 2002).  However, the Eleventh Circuit has noted:

> [W]hile it is true that a trial court may not properly reach
> the merits of a claim when determining whether class
> certification is warranted, this principle should not be
> talismanically invoked to artificially limit a trial court's
> examination of the factors necessary to a reasoned
> determination of whether a plaintiff has met her burden
> of establishing each of the Rule 23 class action
> requirements. . . .  [E]vidence pertaining to the
> requirements embodied in Rule 23 is often intertwined
> with the merits, making it impossible to meaningfully
> address the Rule 23 criteria without at least touching on
> the 'merits' of the litigation.

Cooper v. Southern Co., 390 F.3d 695, 712 (11th Cir. 2004).

To maintain this case as a class action, Plaintiffs must satisfy all the requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b).  See Fed. R. Civ. P. 23(a)-(b); Rutstein, 211 F.3d at 1233.  The Court finds that Plaintiffs have failed to meet their burden.

B.    Rule 23(b)

To certify a class, Plaintiffs must satisfy one of the requirements of Rule 23(b).  Plaintiffs assert they satisfy subsection 23(b)(3).  Under Rule 23(b)(3), 1) there must exist "questions of law or fact common to the members of the class [which] predominate over any questions affecting only individual members," and 2) "a class action [must be] superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  These requirements are commonly referred to as the predominance and superiority requirements.  Plaintiffs cannot satisfy either requirement.

1.    *Predominance*

To satisfy the predominance requirement, "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.  The

predominance inquiry focuses on the legal or factual questions that qualify each class member's case as a genuine controversy, and is far more demanding than Rule 23(a)'s commonality requirement." Rutstein, 211 F.3d at 1233 (quotation and citation omitted).  To determine whether common questions predominate, the Court must examine the cause of action asserted in the complaint on behalf of the putative class and consider what value the resolution of the class-wide issue will have in each class member's underlying cause of action.  Id. at 1234.  "Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)."  Klay v. Humana, Inc., 382 F.3d 1241, 1255 (11th Cir. 2004).  That damages must be calculated for individual class members does not bar class certification, if the damages "can be computed according to some formula, statistical analysis, or other easy or essentially mechanical methods . . . ."  Klay, 382 F.3d at 1259-60.

The Court concludes that individual issues substantially predominate over common issues in this case.  Plaintiffs' claims require the Court to apply the laws of the various states in which class members purchased their flooring and examine

-7-

the circumstances of each flooring purchase made by each class member.  Central to the claims here are what each individual purchaser believed and understood he was purchasing when he bought wood flooring from Defendants.  Claims which turn on a plaintiff's individual knowledge about the characteristics and alleged defects of the wood are not appropriate for class certification.  See Wilson v. Home Depot U.S.A., Inc., 225 F.R.D. 198, 201 (W.D. Tex. 2004) ("Knowledge is highly individualistic and cannot be determined on a classwide basis.").

For example, one of Plaintiffs's remaining claims is for breach of warranty for fitness for a particular purpose.  To recover on this claim, a plaintiff must show that "the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods."  O.C.G.A.
§ 11-2-315.  Thus, proof of this claim requires proof that each purchaser relied on the seller's representations about the wood.  It also requires a showing of what the seller knew of the buyer's purposes for the flooring, as flooring was purchased from individual Home Depot stores across the country.  Individual issues exist even regarding Plaintiffs' basic understanding of the term "Rosewood," whether the class member's purpose was to purchase Rosewood, and whether that purpose

was communicated to Defendants.  Each of these issues requires individual examination into each plaintiff and class member's specific purchase of the flooring.

Similarly, to prove a breach of express warranty, Plaintiffs must show an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain."  1 White & Summers, Uniform Commercial Code § 9-3 (4th ed. 1995).  Thus, Plaintiffs would have to present evidence on the representations made by each sales associate during the flooring purchases, what documents and other information, if any, the class member received, what representations were contained therein, and whether the representations became a basis of the class member's bargain.  Whether the fact that the flooring was a particular type of "Rosewood" was the basis of any class member's bargain is an individual question necessary to Plaintiffs' claims that must be resolved for each Plaintiff and class member.

Plaintiffs also do not present any common proof of damages caused by the type of wood they purchased.  The evidence shows the Court will have to consider varying circumstances such as the performance of the flooring installer, the storage of the flooring, the moisture content in the subfloor, the climate where the flooring

was installed, and the method by which the floor was cleaned.  The calculation of each plaintiff and class member's damages will be highly fact-specific and will depend on individual issues.  Indeed, some Plaintiffs have already received payments in resolution of their warranty claims.  Class members who seek replacement or reimbursement would require discovery into comparable wood flooring, the cost of installation, whether the flooring was removed, whether the customer was previously reimbursed, and the cost of labor and materials to replace the flooring.  Though individual damages alone do not bar class certification, Plaintiffs have not shown their damages or the damages of class members can be computed according to a workable formula or other systematic or mechanical method.

Defendants also assert several defenses which raise individual issues, such as payment, accord and satisfaction, release, and waiver.  For example, to pursue a breach of warranty claim, a buyer must notify the seller within a reasonable time after he discovers or should have discovered a breach, or the buyer will be barred from any remedy.  See O.C.G.A. § 11-2-607(3)(a).  Whether each plaintiff and class member made the proper notifications is an individual issue that predominates over common issues in this case.

Because Plaintiffs purport to represent a nationwide class of all purchasers of "Rosewood" flooring sold by Home Depot and supplied by DBM, the numerous and varied state laws governing the claims alleged also present serious management difficulties for the Court.  Individual state laws vary regarding the requirement and nature of the buyer's reliance on the seller's representations, notice to the seller that the goods are defective, and duration of an implied warranty.  Further, state law requirements of privity in implied warranty claims vary, with some states requiring privity between parties and other having partial privity requirements.  (See Home Depot Opp. to Cert, at 24; DBM Opp. to Cert., at 18.)

Considering Plaintiffs' claims as a whole, the Court does not believe that the resolution of whether the wood was actual Rosewood adds significant value to each class members' cause of action.  Assuming this classwide issue could be resolved, Plaintiffs still must introduce a great deal of individualized proof and argue a large number of individualized legal points, based on varying state laws, to establish most elements of their claims.  Thus, the Court finds Plaintiffs do not meet the predominance requirement of Rule 23(b)(3).

2.    *Superiority*

The superiority requirement necessitates that Plaintiffs demonstrate the class action is the superior method for adjudication of the controversy.  The Court's "focus is not on the convenience or burden of a class action suit *per se*, but on the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs."  Klay, 382 F.3d at 1269.  Rule 23(b)(3) suggests four factors for the Court to consider:  (1) the interest of members of the class in individually controlling their claim, (2) other litigation already commenced by members of the class, (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum,[3] and (4) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3); Klay, 382 F.3d at 1269.

---

[3] In considering the third factor, courts frequently cite the following factors in favor of certifying a class:  (1) economies of time, effort and expense for the litigants, (2) the plaintiff's claim may be so small that he would not file suit individually and it is unlikely plaintiffs' attorneys would be willing to pursue the claim, and (3) the desirability of concentrating claims in a particular forum when that forum has handled several preliminary matters.  Klay, 382 F.3d at 1270-71.  In finding it undesirable to certify a class under this factor, "[p]erhaps most importantly, [the Court] assess[es] whether the potential damages available in a class action are grossly disproportionate to the conduct at issue."  Klay, 382 F.3d at 1271.

The Court finds Plaintiffs do not meet the superiority requirement.  First, as discussed previously, although there are some legal and factual issues common to all members of the class, individual issues predominate over common issues, and class certification would not be more efficient than individual suits at addressing these common questions.  These individualized proof requirements will create serious management issues for the Court.  Second, as will be discussed, the Court finds there is a very real concern regarding the adequacy of the named Plaintiffs in serving as class representatives.  The record indicates that several of the named Plaintiffs do not sufficiently understand their role and duty as class representatives, and several appear to have potential conflicts with the purported class.  While many Plaintiffs' claims may be so small that it would be unlikely they would file suit individually, it appears that several Plaintiffs may have significant damages, and the reason the other class members may not file suit is that they do not have any damages.  Finally, a class action would not be a more efficient use of judicial resources than trying individual cases because individual issues, state laws, and defenses based on individual issues predominate.  For these reasons, Plaintiffs have not established that a class action is a superior method to resolve the claims of the purported class members.

C.      Rule 23(a)

Plaintiffs cannot demonstrate that they meet the Rule 23(b)(3) requirements,

and for this reason alone class certification is not appropriate.  If, however, they

could meet the requirements of Rule 23(b)(3), class certification would not be

appropriate because Plaintiffs have failed to satisfy two of the requirements of Rule

23(a).  Rule 23(a) provides:

> One or more members of a class may sue or be sued as
> representative parties on behalf of all only if (1) the class
> is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact
> common to the class, (3) the claims or defenses of the
> representative parties are typical of the claims or defenses
> of the class, and (4) the representative parties will fairly
> and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  "These four requirements commonly are referred to as the

prerequisites of numerosity, commonality, typicality, and adequacy of

representation, and they are designed to limit class claims to those fairly

encompassed by the named plaintiffs' individual claims."  Piazza v. Ebsco Indus.,

Inc., 273 F.3d 1341, 1346 (11th Cir. 2001) (quotation and citation omitted).

Plaintiffs here cannot show that they meet the requirements of typicality and adequacy of representation, therefore their action cannot be maintained as a class action.

     1.    *Typicality*

The typicality requirement is satisfied if the claims of the class representatives are typical of the claims of the class members. "Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." Cooper, 390 f.3d at 713. The typicality requirement is closely related to the commonality requirement under Rule 23(a). While "commonality refers to the group characteristics as a whole . . . typicality refers to the individual characteristics of the named plaintiff in relation to the class." Piazza, 273 F.3d at 1346. "In making this determination, we have concluded that a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences." Piazza, 272 F.3d at 1351. "However, we do require that the named representatives' claims share the same essential characteristics as the claims of the class at large." Prado-Steinman v. Bush, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000) (quotation and citation omitted).

Plaintiffs have not offered any convincing proof in support of this element. Instead, they rely on their broad allegation that Defendants indiscriminately supplied and sold flooring labeled as "Rosewood" when it was not.  For the reasons discussed above, however, Plaintiffs fail to show that there is a class of persons who suffered any injury common to those of the named Plaintiffs. Moreover, none of the named Plaintiffs claims to be injured simply because he did not receive wood flooring of the genus *Dalbergia*–even though Plaintiffs claim this is the central issue in their case.

Two plaintiffs testified that they were damaged because the flooring was manufactured improperly–that the boards were higher on the edges than in the center, were of irregular height, had gaps between them, and were marred by machine marks–even though the Complaint contains no such allegation.  (Ex. E at 80:7-19; Ex. C at 59:15-23, attached to Home Depot Opp. to Cert.)  Plaintiff Fecteau testified that he did not represent any customers who are satisfied with their flooring or who have not had the same problems he experienced.  (Ex. F at 129:4-15.)  Several named Plaintiffs also resolved their warranty claims before joining this action, and at least one of the named Plaintiffs signed a release of liability.  (Morris Dep. at 84-88; M. Stallworth Dep. at 87; S. Stallworth Dep. at

-16-

68; Alexander Dep. at 80:24-81:25; Harmon Dep. at 127-128.)  These examples

demonstrate that individual issues with the Plaintiffs' claims prevent Plaintiffs

from meeting the typicality requirement.

　　　2.　　*Adequacy of Representation*

　　　Plaintiffs also fail to meet their burden to show the Court that they will

adequately represent the class.  To satisfy the adequacy of representation

requirement, the class representatives must demonstrate they have "common

interests with unnamed class members and will vigorously prosecute the interests

of the class through qualified counsel."  Piazza, 273 F.3d at 1346.  This

requirement applies to both the named plaintiff and counsel.  See London v. Wal-

Mart Stores, Inc., 340 F.3d 1246, 1253 (11th Cir. 2003).  In evaluating the

adequacy factor, the Court follows the "general principle that adequacy of

representation is primarily based on the forthrightness and vigor with which the

representative party can be expected to assert and defend the interests of the class

and whether plaintiffs have interests antagonistic to those of the rest of the class.

London, 340 F.3d at 1254 (quotation and citation omitted).

　　　Adequacy of representation thus involves two inquiries: 1)  whether any

substantial conflicts of interest exist between the representatives and the class; and

2) whether the representatives will adequately prosecute the action.  Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1189 (11th Cir. 2003).  This is "of particular importance because inadequate representation would infringe upon the due process rights of absentee class members who are bound by the final judgment of the suit."  Robinson v. Gillespie, 219 F.R.D. 179, 185 (D. Kan. 2003).

Plaintiffs have not demonstrated that they will adequately represent the interests of the class.  First, Plaintiffs have not shown they will adequately prosecute the action.  Several Plaintiffs do not appear aware of the legal or factual issues of their claim.  Five never read the Complaint before it was filed, and two plaintiffs testified at their deposition that they had not read the Complaint at any time, including in preparation for their deposition.  (Ex. G at 85:6-7; Ex. C at 74: 2-4; Ex. X at 69:24-70:1; Ex. F at 121: 2-9; Ex. Y at 83:13-21, attached to Home Depot. Opp. to Cert. [59].)  Some Plaintiffs testified that they have not investigated any facts relating to their claims.  (Ex. G at 113:19-25; Ex. E at 115:15-18; attached to Home Depot Opp. to Cert.)  Several Plaintiffs testified that they do not understand what duties they owe to class members and do not know the class of persons that they purportedly represent.  (Ex. G at 110:21-25; 111:23-25; Ex. E at 122:25-123:2; Ex. C at 83:9-11; Ex. H at 77:5-22; 78:15-18, attached to Home

Depot Opp. to Cert.)  One plaintiff even testified that until he arrived at his

deposition, he did not know he was a class representative, that no one had

explained to him his duties as a class representative, and that he did not know what

his duties were.  (Fecteau Dep., attached to Home Depot Opp. to Cert as Ex. F,

126:5-25.)  This same plaintiff also testified that he did not represent any

customers who are satisfied with their flooring or who have not experienced the

same problems.  (Id. at 129:4-15.)

        Second, the Court is concerned that Plaintiffs may have conflicts of interest

with the purported class members.  Several named Plaintiffs resolved their

warranty claims before joining this action, and at least one of the named Plaintiffs

signed a release of liability.[4]  Taking these considerations into account, Plaintiffs

have not convinced the Court that they will adequately represent the interests of the

---

[4] The Court notes that Plaintiffs' counsel may have recruited Plaintiffs to
file this lawsuit.  (Home Depot Opp. to Cert., at 29.)  The Court agrees with
Defendants that this may raise professional questions and may indicate that
Plaintiffs' counsel is not adequate to serve as class counsel.  See Haynes v.
Shoney's Inc., No. 89-30093-RV, 1992 WL 752127, at * 15 (N.D. Fla. June 22,
1992).  The Court, however, states no opinion as to whether any recruitment
actually occurred.

class.[5]  Their testimony and conduct indicates disinterest in the litigation and a lack of motivation to satisfy their obligations as class representatives.

## III.   **CONCLUSION**

Plaintiffs here attempt to cast the individualized claims of hundreds of individual flooring purchasers into a class action.  Plaintiffs, however, cannot demonstrate that their case satisfies the requirements of Rule 23.  This case is replete with issues requiring a great deal of individualized proof and a large number of legal issues specific to individual plaintiffs and alleged class members, issues which vary based on the applicable state law.  Moreover, Plaintiffs have failed to demonstrate that they will adequately represent the purported class and have not shown they understand their duties in representing their proposed class.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Class Certification [33] is **DENIED**.  Defendants' Motion for Oral Argument [34] is **DENIED**.  The parties' Consent Motion for Scheduling Order [70] is **DENIED** as **MOOT**.

---

[5]  Because Plaintiffs cannot establish two of the four requirements under Rule 23(a), it is irrelevant that Plaintiffs may meet the numerosity and commonality requirements of Rule 23(a).

**SO ORDERED** this 15th day of March, 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE