IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELISSA DANIELSON, et al.,

               Plaintiff,

v.

DBM, INC. and HOME DEPOT U.S.A., INC.,

               Defendant.

1:05-cv-2091-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Order of Dismissal of Defendant DBM, Inc. ("DBM") with Prejudice and Without Assessment of Costs. ("Mot. for Voluntary Dismissal" [102].)

## I.    FACTUAL BACKGROUND

Plaintiffs filed this lawsuit as a purported class action on August 11, 2005, alleging that wood flooring supplied by DBM and sold by Home Depot was not actually Rosewood as warranted, but was an inferior type of Asian wood. (Compl. [1].) On September 12, 2006, Plaintiffs filed a motion to certify a class. (Mot. for Cert. [33].) On January 29, 2007, Defendants Home Depot and DBM filed their

motions for summary judgment.  On March 15, 2007, this Court entered an order denying Plaintiffs' Motion to Certify the Class.  (March 15, 2007 Order [98].)

On March 26, 2007, Plaintiffs offered to voluntarily dismiss with prejudice their remaining claims against both Defendants, with each party bearing its own costs.  Defendant Home Depot accepted the offer, and on March 27, 2007, Plaintiffs dismissed, with prejudice, their claims against Home Depot.  Defendant DBM, however, agreed to allow Plaintiffs to dismiss the claims against it only if Plaintiffs paid to DBM the amount of $6,937 which represents costs which DBM claimed it has incurred in this litigation.

On March 29, 2007, Plaintiffs filed a Motion for Voluntary Dismissal with Prejudice, asking the Court to allow them to dismiss their claims against DBM with the parties bearing their own costs.  DBM agrees that  Plaintiffs' action should be dismissed with prejudice, but argues that the Court should require Plaintiffs to pay DBM's costs of litigation as a condition of dismissal.  DBM argues that it has spent significant resources in this case, has filed a motion for summary judgment and thus, "fairness dictates that Plaintiffs . . . reimburse DBM for costs of litigation in exchange for their being permitted to walk away." (Opp. to Voluntary Dismissal, at 4.)

## II.   DISCUSSION

Plaintiff asks this Court to enter a voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(2).  Rule 41(a)(2) provides that after an answer or motion for summary judgment has been filed, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).  Unless otherwise specified in the order, a dismissal under Rule 41(a)(2) is without prejudice.  Id.

"The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)."  Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).  The purpose of Rule 41(a)(2) is to preclude voluntary dismissals which inequitably affect the opposing party, and to allow the implementation of curative conditions by the court.  Farmaceutisk Laboratorium Ferring v. Reid Rowell, Inc., 142 F.R.D. 179, 181 (N.D. Ga. 1991) (citing McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986)).  "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such

costs and attaching such conditions to the dismissal as are deemed appropriate." Pontenberg, 252 F.3d at 1255.

DBM alleges that Plaintiffs' case amounts to "unwarranted and costly litigation." While the claims asserted in this case were weak and may well have been unsuccessful, there is no evidence before the Court that Plaintiffs prosecuted the case in bad faith or otherwise engaged in any unfair or dilatory practices. Plaintiffs here are individual consumers and under the circumstances here, it would be inequitable to impose costs upon them. Furthermore, Plaintiffs here offer to voluntarily dismiss this action with prejudice, thus assuring DBM that it will not be forced to relitigate these same issues in a second lawsuit.

Rule 54(d)(1) gives the Court discretion whether or not to award costs. 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668, at 227 (3d. ed. 2004) ("Rule 54(d) vests the court with a sound discretion . . . the federal courts are free to pursue a case-by-case approach and to make their decisions on the basis of the circumstances and equities of each case."). The Court finds that the equities in this case and, on balance, concludes that equity requires each party to bear its own costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Voluntary Dismissal with Prejudice without Assessment of Costs is **GRANTED**.

**SO ORDERED** this 30th day of April, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE